# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL REAVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:22-cv-00564-SEP |
| ) | |
| JORDEN WHILLMES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Joseph Michael Reavey's Motion to Proceed *In Forma Pauperis*. Doc. [3]. Upon consideration of the Motion and the financial information provided in support, the Court concludes that Plaintiff is unable to pay the filing fee and therefore grants the Motion. In addition, the Court dismisses the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) for the reasons set forth below.

### Legal Standard

This Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). Among other considerations, the Court must dismiss a complaint if it is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, a court can properly dismiss such an action if the allegations are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

In Reavey's Complaint, he identified his address as a private residence in St. Louis, Missouri. Doc. [1] at 13. After filing the complaint, Reavey submitted a notice of change of address in which he advised he resided at the Southeast Missouri Mental Health Center in Farmington, Missouri. Doc. [2].

Reavey filed this civil-rights action against law enforcement officers Jorden Whillmes and Unknown Verrota, Dr. Batulla, Mr. Unknown Swan, St. Joseph's Hospital Wentzville, and St. Charles Department of Justice. The Complaint consists of two prisoner civil rights complaint forms completed in often-illegible handwriting, supplemental pages that are either typewritten or legibly handwritten, and copies of various materials, including medical records and jail and police department records.

Reavey sets forth his allegations in disjointed statements about a variety of topics that occurred over a span of several years. Reavey apparently claims that in 2019, Officer Whillmes yanked his arm and took him to the hospital and told hospital staff that he was suicidal. That resulted in Reavey being hospitalized and treated, during which time Dr. Batulla gave him the wrong medication. Reavey also states that Dr. Batulla overmedicated another person, and "is not friends with Americans and it can be said many are aiding and abetting each one another here in this situation also. . . ." Doc. [1] at 23-24.

Reavey claims he was attacked in gas stations on different occasions. He alleges he previously had shoulder surgery, and he claims he suffered pain and swelling. He writes:

2

> I was on a lot of pain meds with psych meds hearse from liar Jordan Whilmes in his probable cause statement it was mixed larceny, these big pharma's need to be reprimanded for hiding my hurt arm. I felt threatened and had 2nd amendment rights did not hurt anybody had around $800.00 on me because I was delivering oriental food and I got spooked when I seen the new clerk middle eastern and the black guy was waiting there as I felt scared police says he was playing lottery but suspected him of possibly being sent had two previous threat like incidents the police claim were voices heard making scary assumptions, the same dope pipe a man was trying to smoke by my work on Lake Stl was in a females hands outside my apartment I seen to be the same pipe same scatch marks or same test kits marks what I did I will never happen again test the situation out differently I will only go to safe spots only I hate that this can happen where people can sucker someone and make claims I was never allowed to make a statement until st. charles county jail please read my grievances . Never going back to 1001 building, I promise your party who stand aside in this insigna and their kick backs from big un-American pharmaceuticals, I will sign a 13rd to receive to do this treble damages case I have to be included with 50 present rule with your lawyer . this slip I wil pay in full 1/3rd on big anticipatory suit something like that just from memory if I an recall about the lawsuit thing, the insignia signature cant work this time there is advanced bone and joint who say your people requested info regarding my arm the very firsat month I was there . side kick bulling . Thank you your friendly consumer Sincerely, Joseph Reavey whom they are forcing this case to mgri to tuck away from jury as it's a kagaroo court leaving the case dormant and

*Id.* at 24.[1]

Next, Reavey provides a handwritten table. At the top is a drawing, and the words "Contributed," "Debt all same and doubled," "Counter Suit," "29 m," "Green-Eyes," "Helo," and "no Deadline Berry Rule!" *Id.* at 25. The table contains various disjointed statements. Next, Reavey writes:

> 2012 DR batulla did house calls at center point hospital, he over medicated Ex who had my son. So I called his practice primitive and I also called him a brain butcher. I called him out on this and he got mad because his colleges heard this. Ex collected survivor benefits Dr. knew this because she lived in one of their RCFs residential care facilities he gave her Haldol something I am allergic to and gave her thorisene . I watched my Exs physical mental state decelerate, purposely I believe he did this in their foreign policy within the US hospital they are employed for, for I would guess internal revenue.

*Id.* at 27.[2]  The remaining allegations in the Complaint are set forth in a similar manner.

---

[1,2] The text is quoted verbatim without correction of spelling or grammatical errors.

**Discussion**

Having carefully reviewed and liberally construed the Complaint and all of the attached materials, the Court can discern no plausible claim for relief. While it appears that Reavey claims Officer Whillmes yanked his arm and wrongfully told hospital officials he was suicidal, the Complaint contains no allegations that might state a plausible claim for relief on the basis of such events. By and large, the Court finds Plaintiff's allegations incomprehensible. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se plaintiffs are required to set out their claims and the supporting facts in a simple, concise, and direct manner. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, Plaintiff has not done so. While this Court must liberally construe pro se filings, this Court will not construct claims or assume facts that a plaintiff has not alleged. *See Stone*, 364 F.3d at 914-15 (refusing to supply additional facts or to construct a legal theory for the pro se plaintiff that assumed facts unpled). Moreover, the Complaint contains allegations that are not grounded in reality and rise to the level of the irrational or incredible. *See Denton*, 504 U.S. at 33. Because Plaintiff's allegations are frivolous and fail to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) mandates dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis*, Doc. [3], is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. A separate Judgment accompanies this order.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 1st of November, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE